1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

OAKLAND DIVISION

7
8

ALPHA AND OMEGA
SEMICONDUCTOR LIMITED, a Bermuda

Case No.  4:22-cv-05448-HSG

9

exempt limited liability company; and
ALPHA AND OMEGA

**STIPULATED PROTECTIVE ORDER
FOR LITIGATION INVOLVING
PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION
AND/OR TRADE SECRETS**

10

SEMICONDUCTOR INCORPORATED, a
California corporation

11
12

Plaintiffs,

13

v.

14

FORCE MOS TECHNOLOGY CO., LTD.,
a Taiwan corporation

15
16

Defendant.

17
18

1.      <u>PURPOSES AND LIMITATIONS</u>

19

          Disclosure and discovery activity in this action are likely to involve production of

20

confidential, proprietary, or private information for which special protection from public

21

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

22

Accordingly, Alpha and Omega Semiconductor Limited and Alpha and Omega Semiconductor

23

Incorporated, on the one hand, and Force MOS Technology Co., Ltd., on the other (hereafter

24

referred to individually as "Party" and collectively as "Parties") hereby stipulate to and petition the

25

court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that

26

this Order does not confer blanket protections on all disclosures or responses to discovery and that

27

the protection it affords from public disclosure and use extends only to the limited information or

28

items that are entitled to confidential treatment under the applicable legal principles. The Parties

further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE".

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party

United States District Court
Northern District of California

1    would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2        2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely

3    sensitive "Confidential Information or Items" representing (i) computer code and associated comments and

4    revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in

5    detail the algorithms or structure of software or hardware designs, or (ii) metal-oxide-semiconductor field-

6    effect transistor ("MOSFET") manufacturing recipes and associated testing and analysis materials that

7    define or otherwise describe in detail the process, conditions, or specifications for forming MOSFETs,

8    disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could

9    not be avoided by less restrictive means.

10        2.10    House Counsel: attorneys who are members in good standing of at least one state bar and

11    who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or

12    any other outside counsel.

13        2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity

14    not named as a Party to this action.

15        2.12    Outside Counsel of Record: attorneys who are not employees of a Party to this action but

16    are retained to represent or advise a Party to this action and have appeared in this action on behalf of that

17    Party or are affiliated with a law firm which has appeared on behalf of that Party.

18        2.13    Party: any Party to this action, including all of its officers, directors, employees,

19    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

20        2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in

21    this action.

22        2.15    Professional Vendors: persons or entities that provide litigation support services (e.g.,

23    photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or

24    retrieving data in any form or medium) and their employees and subcontractors.

25        2.16    Protected Material: any Disclosure or Discovery Material that is designated as

26    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY

27    CONFIDENTIAL – SOURCE CODE OR RECIPE."

28        2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing

United States District Court
Northern District of California

Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

All Protected Material shall be held in confidence by each person or Party to whom it is disclosed, and such Protected Material (including the existence of such Protected Material) and the knowledge of the existence of such Protected Material (i) shall be used only for purposes of this matter, (ii) shall not be used for any business purpose or in connection with any other legal or administrative proceeding, including but not limited to any proceeding before any U.S. District Court or any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), and (iii) shall not be disclosed to any person or Party who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any notices

United States District Court
Northern District of California

of appeal, motions, or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

        5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

        (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,

1  for each portion, the level of protection being asserted.

2       A Party or Non-Party that makes original documents or materials available for inspection need not

3  designate them for protection until after the inspecting Party has indicated which material it would like

4  copied and produced. During the inspection and before the designation, all of the material made available

5  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

6  inspecting Party has identified the documents it wants copied and produced, the Producing Party must

7  determine which documents, or portions thereof, qualify for protection under this Order. Then, before

8  producing the specified documents, the Producing Party must affix the appropriate legend

9  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

10  CONFIDENTIAL – SOURCE CODE OR RECIPE") to each page that contains Protected Material. If only

11  a portion or portions of the material on a page qualifies for protection, and if practical to do so, the

12  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

13  the margins) and must specify, for each portion, the level of protection being asserted.

14       (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating

15  Party, (i) identify on the record, before the close of the deposition, hearing, or other proceeding, all

16  protected testimony and (ii) specify the level of protection being asserted. When it is impractical to identify

17  separately each portion of testimony that is entitled to protection and it appears that substantial portions of

18  the testimony may qualify for protection, the Designating Party may invoke on the record (before the

19  deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

20  portions of the testimony as to which protection is sought and to specify the level of protection being

21  asserted. Only those portions of the testimony that are appropriately designated for protection within the 21

22  days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

23  Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

24  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY."

26       Parties shall give the other Parties reasonable notice (a minimum of three business days) if they

27  reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other

28  Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement

to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that 21-day period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1      Basic Principles. Unless otherwise agreed by the Parties or ordered by the Court, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her testimony but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide, prior to commencement of the testimony, an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, either Party may seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the testimony to proceed.

United States District Court
Northern District of California

Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and/or videographers and their respective staff, professional jury or trial consultants, and Professional Vendors[2] to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, provided that any such person who is not an employee of a Party must have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

---

[2] In the case of a Professional Vendor from which more than one employee shall have access to Protected Material, the Acknowledgment need only be executed by an authorized representative on behalf of the Professional Vendor and its employees.

(b) Designated House Counsel of the Receiving Party[3] (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[4]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and/or videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, provided that any such person who is not an employee of a Party must have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE" <u>Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's

---

[3] It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE." It may also be appropriate under certain circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.

current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.[5]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party[6] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[7] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the

---

[5] It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

[6] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise agreed by the Non-Party and the Party seeking to make the disclosure, subsequently disclosed experts need not be disclosed to the Non-Party before the Non-Party's Protected Material may be disclosed thereto.

[7] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

United States District Court
Northern District of California

Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert. The objecting Party shall have the burden of showing to the court "good cause" for preventing the disclosure of its Protected Material to the Expert. For purposes of this paragraph, "good cause" includes, but is not limited to, a particularized showing that: (i) the Protected Material is confidential commercial information, (ii) disclosure of the Protected Material is likely to harm the objecting Party's business, (iii) the challenged Expert currently has, previously had, or is reasonably likely in the future to develop, a relationship with a competitor of the Producing Party that would create a reasonable risk of disclosure, whether intentional or not, of the Protected Material or any part of it to that competitor, or (iv) that the Expert's access to the Protected Material may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the Expert.

(d) A Party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is

United States District Court
Northern District of California

1    disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth

2    above.

3    8.      SOURCE CODE OR RECIPE

4           (a)     To the extent production of source code or recipes becomes necessary in this case, a

5    Producing Party may designate source code or any recipe as "HIGHLY CONFIDENTIAL - SOURCE

6    CODE OR RECIPE" if it comprises or includes confidential, proprietary or trade secret source code or

7    recipes.

8           (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE OR

9    RECIPE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth

12   in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

13          (c)     Any source code produced in discovery shall be made available for inspection, upon no

14   less than three business days' notice to the Producing Party, in a format allowing it to be reasonably

15   reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of

16   the Producing Party's counsel or another mutually agreed upon location. The source code shall be made

17   available for inspection on a secured computer in a secured room without Internet access or network access

18   to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the

19   source code onto any recordable media or recordable device, except as otherwise agreed by the Parties or

20   ordered by the court. Use or possession of any input/output device (e.g., USB memory stick, mobile phone

21   or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device

22   that can access the Internet or any other network or external system, etc.) is prohibited while inspecting the

23   source code. The Producing Party may visually monitor the activities of the Receiving Party's

24   representatives during any source code review, but only to ensure that there is no unauthorized recording,

25   copying, or transmission of the source code.

26          (d)     The Receiving Party's Outside Counsel of Record may request that commercially available

27   licensed software tools for viewing and searching source code be installed on the secured computer. If such

28   tools are not readily available to the Producing Party, the Receiving Party shall provide the Producing Party

United States District Court
Northern District of California

14

1    with the CD or DVD containing such software tool(s) at least four business days in advance of the

2    inspection.

3         (e)     The Receiving Party's Outside Counsel of Record and/or Expert may take notes relating to

4    the source code, but may not copy any portion of the source code into the notes. No copies of all or any

5    portion of the source code may leave the room in which the source code is inspected except as otherwise

6    provided herein. Further, no other written or electronic record of the source code is permitted except as

7    otherwise provided herein.

8         (f)     The Receiving Party may request paper copies of limited portions of source code that are

9    reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for

10   deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other

11   than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all

12   such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL -

13   SOURCE CODE OR RECIPE." The Producing Party may challenge the amount of source code requested

14   in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6

15   whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party"

16   for purposes of dispute resolution.

17        (g)     The Receiving Party shall maintain a record of any individual who has inspected any

18   portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies

19   of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create

20   any electronic or other images of the paper copies and shall not convert any of the information contained in

21   the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if

22   such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a

23   testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the

24   preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party

25   at the end of each day and must not be given to or left with a court reporter or any other unauthorized

26   individual.

27

28

United States District Court
Northern District of California

15

United States District Court
Northern District of California

9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[8]

If the Designating Party timely seeks a protective order within 14 days of the date of service of the notification, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

---

[8] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE OR RECIPE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[9] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons

United States District Court
Northern District of California

[9] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

17

to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal, state, arbitral, or related proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal, state, arbitral, or related proceeding. A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

13. <u>MISCELLANEOUS</u>

13.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3     <u>No Agreement Concerning Discoverability.</u> The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the

disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this case. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced in this case.

13.4    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including, if any, the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.5    No Limitation on Legal Representation. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise its client in connection with this matter based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

13.6    Expert Communications and Drafts. Federal Rule of Civil Procedure Rule 26 shall apply to and protect drafts of any report, witness statement, or disclosure of expert, regardless of the form in which the draft is recorded. Federal Rule of Civil Procedure Rule 26 shall apply to and protect communications between the Party's attorney and any expert, regardless of the form of the communications, except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. A Party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation to prepare for any court proceeding and who is not expected to be called as a witness in this case.

13.7    Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of this Order as of the date counsel for such party executes this Order, even if prior to entry of this Order by the court.

13.8    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public

19

record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.     INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The Parties submit themselves to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing this Order. After final disposition of this action, the provisions of this Order shall continue to be binding except with respect to Protected Material that become a matter of public record. The United States District Court for the Northern District of California

retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this action.

       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: January 27, 2023                  _____/s/ Andrew J. Gray IV_____
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        Andrew J. Gray IV
                                        Jason E. Gettleman
                                        Qian Liang
                                        1400 Page Mill Road
                                        Palo Alto, CA 94304
                                        Tel:    +1.650.843.4000
                                        Fax:    +1.650.843.4001
                                        Attorneys for Plaintiffs Alpha and Omega Semiconductor Limited and Alpha and Omega Semiconductor Incorporated


DATED: January 27, 2023                  _____/s/ Joshua G. Jones_____
                                          DICKINSON WRIGHT PLLC
                                        Christopher E. Hanba (pro hac vice)
                                        Ariana D. Pellegrino (pro hac vice)
                                        Michael D. Saunders
                                        Joshua G. Jones (pro hac vice)
                                        607 W. 3rd Street, Suite 2500
                                        Austin, Texas 78701
                                        Telephone: (512) 770-4200
                                        Facsimile: (844) 670-6009
                                        Attorneys for Defendant Force MOS Technology Co., Ltd.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:   1/30/2023

                                    Hon. Haywood S. Gilliam, Jr.
                                      United States District/Magistrate Judge

United States District Court
Northern District of California

21

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

      I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ *Alpha and Omega Semiconductor, Ltd. et al. v. Force MOS Technology Co., Ltd.*, **Case No. 4:22-cv-05448-HSG**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

      I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
              [signature]

United States District Court
Northern District of California