MORGAN, LEWIS & BOCKIUS LLP
Andrew J. Gray IV (CA Bar: #202137)
Jason E. Gettleman (CA Bar: #269733)
Qian Liang (CA Bar: #336778)
andrew.gray@morganlewis.com
jason.gettleman@morganlewis.com
qian.liang@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Plaintiffs Alpha and Omega Semiconductor Limited and Alpha and Omega Semiconductor Incorporated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ALPHA AND OMEGA SEMICONDUCTOR LIMITED, a Bermuda exempt limited liability company; and ALPHA AND OMEGA SEMICONDUCTOR INCORPORATED, a California corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>FORCE MOS TECHNOLOGY CO., LTD., a Taiwan corporation,<br><br>　　　　　　　Defendant. | Case Number: 4:22-cv-05448-HSG<br><br>STIPULATION AND ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION<br>Hon. Haywood S. Gilliam, Jr.<br><br>Complaint filed: September 23, 2022 |

Alpha and Omega Semiconductor Limited and Alpha and Omega Semiconductor Incorporated, on the one hand, and Force MOS Technology Co., Ltd., on the other (hereafter referred to individually as "Party" and collectively as "Parties"), hereby stipulate to entry of the following procedures for discovery of Electronically Stored Information ("ESI") production and move the Court to enter the following Stipulated Order Re: Discovery of Electronically Stored Information:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute to the Court for resolution.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. Absent subsequent superseding agreement by the parties or further order of this Court, the following parameters shall apply to ESI production:

    A. Production Specifications as detailed in Attachment A.

    B. **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody, or control.

    C. **Voicemail and Mobile Devices**. Absent a showing of good cause, voicemails,

PDAs, mobile phones, text messages, instant messages, and chats are deemed not reasonably accessible and need not be collected and/or preserved.

D. **Production Media**. Documents shall be produced on external hard drives, USB drives, CDs, or DVDs; production by FTP rather than on hard media will be acceptable; and production by email is acceptable provided that the receiving party's designated email address for accepting service of the production is used and the producing party has not received any error or return message indicating that the service email was not received or sent successfully. Each piece of production media should identify: (1) the producing party's name; (2) the production date; and (3) the Bates-number range of the materials contained on the production media. The parties may provide encrypted media for production.

E. **Confidentiality Designation**. Document production will be labeled with the appropriate confidentiality designations in accordance with the Protective Order in this matter. All material not reduced to documentary, tangible, or physical form, or which cannot be conveniently labeled, shall be designated by the producing party by informing the receiving party of the designation in writing.

F. **Source Code**. To the extent relevant to the Litigation, source code will be made available for inspection pursuant to the terms of the Protective Order. Nothing in this Order governs source code production.

G. **Other Inaccessible ESI**. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved, searched, or produced.

1. Deleted, slack, fragmented, or other data only accessible by forensics.
2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
3. On-line access data such as temporary internet files, history, cache, cookies, and the like.
4. Data in metadata fields that are frequently updated automatically, such as last opened dates.
5. Back-up data that are substantially duplicative of data that are more

accessible elsewhere.

6. Server, system, or network logs.

7. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

8. Data remaining from systems no longer in use that is unintelligible on the systems in use.

7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include email or other forms of electronic correspondence (collectively "email"). The parties agree to exclude email discovery from this patent action.

8. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work product protected ESI, whether inadvertent or otherwise, is not a waiver in the pending case or in any other federal or state proceeding.

9. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

10. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

11. All documents shall be produced in their original language. Where a requested document exists in a foreign language and that producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

12. The following shall apply to third party productions.

    a. A party that issues a non-party subpoena ("Issuing Party") shall include in the subpoena a copy of this Order with the subpoena and state that the parties to this action have requested that third parties produce documents in accordance with the specifications set forth herein.

    b. The Issuing Party shall produce any documents obtained pursuant to a non-party subpoena to all other parties in this litigation.

    c. If the non-party production is not Bates-stamped, the Issuing Party, to the extent possible, will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to the other parties.

13. Nothing in this Order is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third-parties to object to a subpoena.

14. Notwithstanding the preceding paragraphs, the parties may later make other agreements for their mutual convenience relating to the form and manner of production. To the extent a producing party believes discovery requests or particular applications of this order may be unduly burdensome or otherwise objectionable under the applicable rules, the parties will meet and confer in good faith as to the necessity for, scope of, and objections to such production before seeking relief from the Court. To the extent a receiving party believes that the production of a document in a format different from that originally produced is necessary to translate the document into a reasonably usable form, the parties will meet and confer in good faith as to the necessity for, scope of, and objection to such production before seeking relief from the Court.

15. A party is required to produce only a single copy of a responsive document and a party may de-duplicate responsive ESI across custodians provided that such deduplication does not separate documents from attachments which would otherwise not be duplicative.

16. A party is not required to produce a privilege log of documents or redacted material withheld on grounds of privilege or work product protection.

17. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules, or this Court's Discovery Order.

# Attachment A

# Production Specifications

A. **General Document Image Format.** ESI shall be produced in single-page Tagged Image File Format ("TIFF") format, except for files not easily converted into TIFF format, such as Excel files and certain technical files, which will be produced in native format. Produced documents shall be named with a unique production number followed by the appropriate file extension. Documents produced in native format may indicate the confidentiality designation in a corresponding TIFF slip sheet or in the filename of the native file. Load files shall be provided to indicate the location and unitization of the TIFF or PDF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files**. A party is not required to produce the same ESI in more than one format. For good cause, a party that receives a document produced in a format specified above may make a reasonable request to have the document reproduced in its native format. Upon the showing of good cause, the producing party shall reproduce the document in its native format. Wholesale requests to reproduce categories of documents in native format shall not constitute good cause.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:  January 27, 2023                     */s/ Andrew J. Gray IV*
MORGAN, LEWIS & BOCKIUS LLP
Andrew J. Gray IV
Jason E. Gettleman
Qian Liang
1400 Page Mill Road
Palo Alto, CA 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001
Attorneys for Plaintiffs Alpha and Omega Semiconductor Limited and Alpha and Omega Semiconductor Incorporated

Dated:  January 27, 2023                     */s/ Joshua G. Jones*
DICKINSON WRIGHT PLLC
Christopher E. Hanba (pro hac vice)
Ariana D. Pellegrino (pro hac vice)
Michael D. Saunders
Joshua G. Jones (pro hac vice)
607 W. 3rd Street, Suite 2500
Austin, Texas 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009
Attorneys for Defendant Force MOS Technology Co., Ltd.

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  1/30/2023

Haywood S. Gilliam, Jr.
UNITED STATES DISTRICT JUDGE