United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FORCE MOS TECHNOLOGY CO., LTD.,
Plaintiff,

v.

ALPHA AND OMEGA SEMICONDUCTOR LIMITED, et al.,
Defendants.

Case No. 22-cv-05448-PCP

**ORDER ON MOTIONS *IN LIMINE***

Re: Dkt. Nos. 227, 228, 229, 230, 231, 232

Trial in this case is set to begin on December 4, 2026. The Court held a pretrial conference on November 3, 2026. Before the Court are the parties' motions *in limine*. For the reasons that follow, the Court grants in part AOS's second and third motions. The Court denies Force MOS's first, second, and third motions and AOS's first motion.

**A. Force MOS's first motion *in limine*.**

In its first motion in limine, Force MOS asks the Court to preclude AOS from presenting evidence, testimony, or arguments to the jury suggesting that Force MOS committed inequitable conduct because that evidence should instead be heard by the Court. Force MOS's Motion in Limine #1, Dkt. No. 227, at 1. AOS responds that it "does not intend to try its inequitable-conduct defense to the jury, and that "AOS will not argue to the jury that Force MOS, Dr. Hsieh, or patent agent Grace Huang committed inequitable conduct, intended to deceive the Patent and Trademark Office ("PTO"), or breached the duty of candor." AOS's Opposition to Force MOS's Motion in Limine #1, Dkt. No. 241, at 1.

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." During a September 10 hearing, Court has made clear to the parties that it will hear AOS's inequitable conduct claims while the jury is in recess. *See* Dkt. No. 226. And "[w]hile it is within the court's discretion to allow certain evidence relating to inequitable conduct be heard by the jury, the ultimate question is one for the court, as it is purely equitable in nature." *Interactive Health LLC v. King Kong USA*, *Inc.*, No. CV 06-1902-VBF PLAX, 2008 WL 8793640, at *4 (C.D. Cal. July 24, 2008) (citing *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir.1987)). Although "[k]eeping the evidence relevant to equitable conduct separate from the jury trial would simplify the issues for the jury," *Id.* (quoting *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 507 F.Supp.2d 870, 873 (N.D. Ill. 2007)), the Court declines to police particular language that AOS might use at trial, with the understanding that AOS and its experts will not use language overly likely to suggest any breach by Force MOS of duties owed to the PTO. Nothing in this order precludes Force MOS from objecting during trial should AOS or its experts use such language. Accordingly, the Court denies Force MOS's first motion *in limine*.

**B. Force MOS's second motion *in limine*.**

In its second motion *in limine*, Force MOS asks the Court to preclude AOS and Jireh from introducing any expert testimony or expert opinions at trial on behalf of Jireh because Jireh is a separate defendant that has not identified any experts or served any expert reports in this case. The Federal Rules require that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. Pro. 26(a)(2)(A). "Expert disclosures under Rule 26 are intended to provide opposing parties fair notice of an expert's opinions." *Camenisch v. Umpqua Bank*, 763 F. Supp. 3d 871, 883 (N.D. Cal. 2025). It is undisputed that "Jireh did not serve separate initial disclosures, damages contentions, or expert reports." Opposition to Force MOS's Motion in Limine #2, Dkt. No. 242, at 1. But precluding Jireh from offering any expert testimony in its behalf would constitute an overly formalistic approach to the rules given that Force MOS had fair notice of the expert opinions that would be offered. To the extent that AOS attempts to introduce any expert testimony or opinions at trial that were not properly disclosed, nothing in this order precludes Force MOS from objecting

at that time. Accordingly, the Court denies Force MOS's second motion *in limine*.

**C. Force MOS's third motion *in limine*.**

In its third motion *in limine*, Force MOS asks the Court to preclude AOS from presenting testimony from AOS employees to the extent it constitutes undisclosed expert testimony. AOS responds that its employees will only testify "based on their personal knowledge as to how AOS's products and processes work." Opposition to Force MOS's Motion in Limine #3, Dkt. No. 243, at 1.

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. Pro. 26(a)(2)(A). And "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is … "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). The Ninth Circuit has explained that "the line between lay and expert opinion depends on the basis of the opinion, not its subject matter." *United States v. Barragan*, 871 F.3d 689, 704 (9th Cir. 2017). Although AOS must lay the proper foundation at trial, *see* Fed. R. Evid. 701, employees may offer testimony as lay witnesses. *See Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 11700603, at *1 (N.D. Cal. Dec. 10, 2018) ("Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." (quoting *In re ComUnity Lending, Inc.*, 2011 WL 7479165, at *5 (N.D. Cal. June 6, 2011)). Because the record before the Court does not establish that AOS will be unable to offer a valid foundation for its employees' testimony, the Court denies Force MOS's third motion *in limine*. To the extent that AOS attempts to elicit testimony at trial from an AOS employee that is inadmissible because it is expert testimony or otherwise, nothing in this order precludes Force MOS from objecting at that time.

**D. AOS's first motion *in limine*.**

In its first motion in limine, AOS asks the Court to exclude any evidence or reference to the term "lateral contact layer" or "base contact layer" that might be inconsistent with the plain and ordinary meanings of those terms. Motion in Limine #1, Dkt. No. 230, at 1. Specifically, AOS

requests that the Court prevent any expert from testifying that "later contact layer" "requires 'P* doping' implanted into the trench sidewalls" or "base contact layer" requires a 'a strongly doped base contact layer at the bottom of the source contact trenches.'" *Id.* In response, Force MOS points out that AOS's motion effectively seeks to exclude certain opinions of Force MOS's technical expert, Dr. Dean Neikirk, without having ever brought a proper *Daubert* motion to exclude that testimony. Opposition to AOS's Motion in Limine #1, Dkt. No. 239, at 1.

No party advanced a meaning for "lateral contact layer" or "base contact layer" during claim construction. Motion in Limine #1, Dkt. No. 230, at 2; Opposition to AOS's Motion in Limine #1, Dkt. No. 239, at 2. The Federal Circuit has "frequently stated that the words of a claim 'are generally given their ordinary and customary meaning,'" which "is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc). Although "[i]n some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges," "[i]n many cases that give rise to litigation, however, determining the ordinary and customary meaning of the claim requires examination of terms that have a particular meaning in a field of art." *Id.* at 1314. "At trial, parties may 'introduc[e] evidence as to the plain and ordinary meaning of terms not construed by the Court to one skilled in the art,'" *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2014 WL 660857, at *3 (N.D. Cal. Feb. 20, 2014) (alteration in original) (quoting *DNT, LLC v. Sprint Spectrum*, LP, No. 09–CV–21, 2010 WL 582164, *4 (Feb. 12, 2010 E.D. Va.)) "so long as the evidence does not amount to 'argu[ing] claim construction to the jury,'" *id.* (alteration in original) (quoting *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009)). Absent a motion to exclude Force MOS expert Dr. Dean Neikirk's testimony under Federal Rule of Evidence 702, and given that the testimony was disclosed, the Court cannot conclude that such testimony should be excluded. To the extent that Force MOS attempts to argue claim construction to the jury, nothing in this order precludes AOS from objecting at that time. Accordingly, the Court denies AOS's first motion *in limine*.

United States District Court
Northern District of California

**E. AOS's second motion *in limine*.**

In its second motion *in limine*, AOS asks the Court to prevent Force MOS from making any reference to the 2024 inter partes review of the '634 patent and the 2025 discretionary denial of inter partes review of the '634 patent, contending that such references have little or no probative value. AOS Motion in Limine #2, Dkt. No. 231, at 1. Force MOS argues, however, that both facts are relevant to questions of willfulness and obviousness. Opposition to AOS's Motion in Limine #2, Dkt. No. 240, at 1-3.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Because there is little probative value in the 2025 discretionary denial of IPR, the Court grants AOS's request to exclude any reference to that denial. But the 2024 inter partes review is not only part of the patent file history but also "relevant to the willfulness of any infringement that the jury might find." *GeigTech E. Bay LLC v. Lutron Elecs. Co.*, No. 18 CIV. 05290 (CM), 2024 WL 68418, at *1 (S.D.N.Y. Jan. 5, 2024). Although there is some potential for prejudice if the jury hears about the 2024 inter partes review, that potential does not substantially outweigh its probative value. The Court, however, will give the jury a mitigating instruction to reduce any likelihood that AOS will suffer any prejudice. *Id.* at *1-2. Accordingly, the Court grants in part AOS's second motion *in limine*.

**F. AOS's third motion *in limine*.**

In its third motion *in limine*, AOS asks the Court to exclude any evidence or reference to "AOS's alleged 'Chinese joint ventures' or Chinese corporate affiliations offered to suggest that AOS is a foreign or Chinese-affiliated actor or otherwise to appeal to national-origin bias." AOS Motion in Limine #3, Dkt. No. 232, at 1. Force MOS responds that its expert reports and its expert testimony do not and will not reference "Chinese joint ventures," nor will Force MOS seek to appeal to national-origin bias (especially given that Force MOS is itself a Taiwanese company), but argues that the Court should deny the motion because the AOS's China-based operations are relevant given that extraterritoriality issues are implicated by the 35 U.S.C. § 271(f) claims.

Opposition to AOS's Motion in Limine #3, Dkt. No. 238, at 2.

"Of course, racist or xenophobic references, explicit or implicit, will not be tolerated" at trial. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. SACV 12-00329 AG, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014). But AOS's motion in limine "is overbroad, as it covers any incidental and potentially appropriate mention of facts." *Id.* The Court therefore grants AOS's third motion *in limine* only in part. Pursuant to the parties' agreement at the hearing, Force MOS shall avoid referencing AOS's investment in a joint venture in China, as discussed in the September 19, 2026, expert report of Force MOS's damages expert Ryan LaMotta. *See* Dkt. No. 149-6, at 14 n.41.

**IT IS SO ORDERED.**

Dated: November 12, 2026

P. Casey Pitts
United States District Judge